IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONY NELMS,

      **Petitioner,**

    v.                                  CASE NO. 2:06-cv-331

                                        JUDGE GRAHAM

SOUTHEASTERN CORRECTIONAL
      FACILITY,                  MAGISTRATE JUDGE KEMP

      **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d).

**I. PROCEDURAL HISTORY**

According to the petition, this action concerns petitioner's July 24, 2003, guilty plea pursuant to a plea agreement in the Franklin County Court of Common Pleas to felonious assault with a firearm specification. Petitioner initially was charged with two counts of felonious assault with firearm specifications, one count of carrying a concealed weapon, and one count of having a weapon while under disability. Petitioner was sentenced pursuant to the joint recommendation of the prosecution and the defense to a cumulative term of five years incarceration. Petitioner never filed a timely appeal. On December 22, 2004, and June 21, 2005, he filed motions for judicial release with the state trial court, both of which motions were denied. On October 3, 2005, he filed a motion

for delayed appeal with the Tenth District Court of Appeals. On November 22, 2005, the appellate court denied petitioner's motion for delayed appeal. On January 3, 2006, the Ohio Supreme Court dismissed petitioner's subsequent appeal.

On May 4, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Appeals, rights.
>
> The defendant Mr. Nelms was unreasonably denied due process of law because the trial court and his attorney never ever advised him of his right to appeal. The defendant Mr. Nelms had lack of knowledge that appeals could be possible and he was entitled to leave for delayed appeal.
>
> 2. Negotiated pleas.
>
> The defendant Mr. Nelms was denied due process of law when the court accepted a plea of guilty when the defendant was not knowing and aware [of] what the maximum penalty was for the offense to which he was entering a plea of guilty.
>
> 3. Plea, rights upon plea.
>
> The trial court accepted a plea of guilty when the constitutional right of the defendant Mr. Nelms was violated and that this was not a knowing and voluntary plea.
>
> 4. Lack of faith in appointed counsel.
>
> The guilty plea was involuntary where the defendant Mr. Nelms would not [have] entered it except for his lack of faith in appointed counsel.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions.  28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Petitioner's conviction became final on August 27, 2003, thirty days after his July 28, 2003, judgment of conviction, when the time period expired to file a timely appeal to the state appellate court.  *See* Ohio Appellate Rule 4(A); *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6th Cir. 2002).  The statute of limitations expired one year later, on August 27, 2004.  Petitioner's October 3, 2005, motion for delayed appeal did not toll the running of  the statute of limitations, since the statute of limitations had expired long before such

action was filed. "The tolling provision does not... 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6th Cir. 2004)(citations omitted).

Petitioner states that he was not advised of the time limitations for filing an appeal, and that he was unaware of the time limitations for filing a federal habeas corpus petition. However, such allegations fail to constitute extraordinary circumstances justifying equitable tolling of the statute of limitations. "[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003). In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id*., at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Upon consideration of the foregoing, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.

At the time petitioner was convicted and sentenced, the statute of limitations in habeas corpus cases had long been in effect, and it would not have been reasonable for petitioner to remain ignorant of the filing requirement for federal habeas corpus cases. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement. Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra,* 197 F.3d at 218. Additionally,

5

> attorney error is generally not a basis for equitable tolling. *See, e.g., Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir.2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir.2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

*Pink v. McKune,* 146 Fed.Appx. 264, unpublished (10th Cir. August 17, 2005). Further, the record fails to reflect that petitioner exercised due diligence in pursuing his rights. He waited more than two years before filing a motion for delayed appeal in the state appellate court. Although petitioner alleges that his attorney and the trial judge "tricked" him so that his appeal would be barred, this allegation is without support. Finally, respondent will suffer some prejudice, if only in terms of time and expense, should this Court equitably toll the statute of limitations.

Based upon all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to comply with the one-year statute of limitations under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ Terence P. Kemp
United States Magistrate Judge

.