IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONY NELMS,

    **Petitioner,**

  v.                                CASE NO. 2:06-cv-331

                                       JUDGE GRAHAM

**SOUTHEASTERN CORRECTIONAL**
       **FACILITY,**                      Magistrate Judge Kemp

    **Respondent.**

## OPINION AND ORDER

      On May 31, 2006, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as untimely under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*.

      Petitioner argues that the statute of limitations did not begin to run until the Ohio Court of Appeals denied his motion for delayed appeal. This argument has been rejected by the United States Court of Appeals for the Sixth Circuit:

> This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.
> *Raynor v. Dufrain*, 28 F.Supp.2d 896, 898 (S.D.N.Y.1998). We agree

>with this rationale and hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.

*Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir. 2001). Petitioner also again argues that equitable tolling of the statute of limitations is appropriate.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    s/James L. Graham
    JAMES L. GRAHAM
    United States District Judge

DATE: June 19, 2006